IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO ACOSTA,

                Plaintiff,

  v.                                                  OPINION & ORDER

MATT KENNEDY et al.,                           16-cv-695-jdp
and G-FOUR-S TRANSPORTATION SERVICES,

                Defendants.

---

Plaintiff Reinaldo Acosta, an inmate at the Wisconsin Secure Program Facility, brings his lawsuit alleging that he was injured while being transported to court by van, because his seat belt was not properly fastened. Acosta has made an initial partial payment of the filing free as previously directed by the court.

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Acosta is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

After reviewing the complaint with these principles in mind, I conclude that Acosta may proceed with an Eighth Amendment claim against defendant G-Four-S Transportation Services, the company responsible for transporting him. But his allegations against individual defendants violate Federal Rule of Civil Procedure 8, so I will give him a chance to file an amended complaint that fixes this problem.

ALLEGATIONS OF FACT

Plaintiff Reinaldo Acosta is an inmate at the Wisconsin Secure Program Facility, which is located in Boscobel, Wisconsin. In June 2016, Acosta was transported from WSPF to the circuit court for Milwaukee County for a court appearance there. Acosta's seat belt was not fastened by the officials involved in transporting him, even though he was handcuffed, and presumably unable to belt himself in or otherwise protect himself. On the trip back to WSPF, the driver (who Acosta names as "Bianchi") stopped abruptly while travelling "at a[] high rate of speed." Dkt. 1, at 2. Acosta was "thrown into the windshield." According to documents Acosta attaches to the complaint, his neck, back, and elbow were injured in the incident. Dkt. 1-5, at 1, Dkt. 1-7.

ANALYSIS

A. Acosta's claims

Acosta is proceeding under 42 U.S.C. § 1983, which requires him to show that defendants intentionally deprived him of a constitutional right while acting under color of state law. *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009). Acosta states that he suffered serious injuries "due to the driver's indifference," and he cites an Eighth Circuit case discussing Eighth Amendment deliberate indifference claims against correctional officers transporting an inmate, *Brown v. Missouri Dep't of Corr.*, 353 F.3d 1038, 1040 (8th Cir. 2004), so I take him to be bringing Eighth Amendment claims against defendants. A plaintiff may prove an Eighth Amendment claim by showing that an official is aware that the plaintiff faces dangerous conditions but chooses to disregard them. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The facts Acosta alleges could support Eighth Amendment claims against the individuals who decided to forgo the use of a seat belt while transporting him handcuffed. But Acosta does not name the driver, "Bianchi," as a defendant. Acosta names Matt Kennedy as a defendant, but he does not describe Kennedy's job responsibilities or whether he was even involved in his transport.

Acosta includes the phrase "et al." in the caption of his complaint, which is commonly used to stand in the place of additional parties. This suggests that he intends to name more individuals as defendants. But he cannot sue other individuals without formally including each of them in the caption of his complaint. Also, I cannot allow Acosta to proceed on claims against any defendant, even one named in the caption, unless he explains what that defendant did to violate his rights. Each defendant is entitled to know what Acosta is alleging they did to harm him. *See* Fed. R. Civ. P. 8(a)(2) (complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief.").

Because Acosta's allegations against individual defendants do not comply with Rule 8, I will dismiss those portions of the complaint and give him a short time to provide an amended complaint that explains those claims. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should (1) name each person he wishes to sue in the caption of the complaint; and (2) explain what each defendant did to harm him.

Acosta also names G-Four-S Transportation Services as a defendant. I can infer from Acosta's allegations that this company contracted with prison or court officials to transport him. Acosta alleges that his seat belt was not fastened "due to driver['s] lack of training," Dkt. 1, at 3. A § 1983 plaintiff may bring a constitutional claim against a corporation for

failing to train its employees when that failure is the result of a custom or policy of the corporation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Construing Acosta's allegations generously, I will allow him to proceed on an Eighth Amendment claim against G-Four-S Transportation Services. But at the summary judgment or trial stage, Acosta will have to provide evidence showing that the lack of employee training was caused by a company custom or policy. I will direct service on G-Four-S Transportation Services after Acosta clarifies his claims against individual defendants.

**B. Recruitment of counsel**

Acosta has filed a motion asking the court to appoint counsel for him. Dkt. 7. Litigants in civil cases do not have a constitutional right to a lawyer, but I have discretion to determine whether assistance in recruiting counsel is appropriate in a particular case. *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007).

To show that it is appropriate for the court to recruit counsel, a litigant must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Acosta has submitted three such letters, so I conclude that he has met this requirement.

Second, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the

record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654-55. Acosta states that it will be difficult for him to litigate this case because of his imprisonment, limited access to the law library, and limited knowledge of the law. But these are common barriers in prisoner litigation, and it is too early to tell whether Acosta truly will be unable to litigate the case himself. Also, the case has not yet reached the relatively early stage in which defendants may move for summary judgment based on exhaustion of administrative remedies. Such a motion could result in dismissal of this case before it advances deep into the discovery stage. Should the case proceed past the exhaustion stage and should Acosta continue to believe that he cannot litigate the suit himself, then he should renew his motion. But he will need to explain specifically what litigation-related tasks he has been unable to complete.

ORDER

IT IS ORDERED that:

1. Plaintiff Reinaldo Acosta is GRANTED leave to proceed on an Eighth Amendment claim against defendant G-Four-S Transportation Services.

2. The remainder of plaintiff's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff may have until December 13, 2016, to submit a proposed amended complaint more clearly detailing his claims against individual defendants, as discussed above. If plaintiff submits a proposed amended complaint, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, the case will proceed only with his claim against defendant G-Four-S Transportation Services.

4. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 7, is DENIED without prejudice.

Entered November 22, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge