IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO ACOSTA,

                Plaintiff,

  v.                                                        ORDER

MATT KENNEDY, BIANCHI, RAMSTACK,          16-cv-695-jdp
and G4S,

                Defendants.

---

Reinaldo Acosta brings this lawsuit alleging that he was injured while being transported to court by van, because his seat belt was not properly fastened. I granted Acosta leave to proceed on Eighth Amendment claims against defendant "G-Four-S Transportation Services" and its employees, defendants Bianchi, Ramstack, and Matt Kennedy. In the same order, I directed the United States Marshals Service to serve the complaint on each of the defendants. However, the Marshals Service was unable to serve the defendants because the Marshal was unable to locate G-Four-S Transportation Services. *See* Dkt. 16.

In response, Acosta submitted a letter notifying the court that the name of G-Four-S Transportation Services is "G4S." My research showed that "G4S Secure Solutions" is a company whose Milwaukee office address is listed as 700 W. Virginia St. on their company website at www.g4s.us/en/Contact-Us/Local-Offices. I provided that address to the Marshals Service and directed another attempt at service on defendants. *See* Dkt. 19.

The Marshals Service returned the service forms on this second service attempt, showing that an individual named "Garan Chivinski, HR" was served at 700 W. Virginia St., Suite 201, Milwaukee, Wisconsin 53204, the workplace address for G4S. Dkt. 25. However, to date, none of the defendants have answered or otherwise responded to the complaint.

Acosta has now filed a motion for entry of default. Dkt. 28. But the Seventh Circuit favors disposing of cases on their merits as opposed to terminating them by default judgment. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). And "[b]efore a default can be entered, the . . . party must have been effectively served with process." 10A Wright & Miller, Federal Practice and Procedure § 2682 (4th ed.). As I discuss below, it seems likely that none of the defendants have been properly served. I will withhold a ruling on Acosta's motion and give the Marshals Service a chance to either re-serve the individuals under Federal Rule of Civil Procedure 4 or Wisconsin law, or supplement the service returns with an explanation of how service was in fact properly accomplished.

**A. Service to individual defendants**

Rule 4 provides an exclusive list of the methods by which an individual may be properly served with a summons and complaint. They are: (1) personal delivery to the individual; (2) leaving copies at the individual's "dwelling or usual place of abode" with a person of suitable age and discretion who resides there; (3) delivery to an authorized agent of the individual; or (4) service effected pursuant to the law of the state where the district court sits. Fed. R. Civ. P. 4(e). The delivery of the summons and amended complaint in this case was not achieved by any of these four methods.

Garan Chivinski is not a defendant in this case, so personal delivery was not made. The delivery occurred at G4S's workplace, not at the dwelling or usual place of abode of any of the individuals. Nor is there any evidence that Chivinski is an agent authorized to accept service on any individual's behalf. I am not aware of any law that suggests a human resources representative, or any workplace supervisor, is an agent authorized to accept service on an individual's behalf, absent an explicit agreement.

Finally, Wisconsin law authorizes service of a summons to a "natural person" only by one of the following methods: (1) personal delivery; (2) leaving a copy at a place of abode; (3) delivery to an authorized agent; or (4) publication. *See* Wis. Stat. § 801.11(1). The first three criteria were not met for the same reasons set forth above. And, as no publication attempt was made, neither was the fourth criterion. In particular, I note that the Wisconsin Supreme Court has found service to an individual ineffective when a copy of a summons and complaint was left at a workplace. *See Mared Indus., Inc. v. Mansfield*, 2005 WI 5, ¶ 7, 277 Wis. 2d 350, 690 N.W.2d 835. Further, the Seventh Circuit has commented that Illinois's service statute, 735 Ill. Comp. Stat. 5/2–203, which is substantially similar to Wis. Stat. § 801.11, is not satisfied by service to an individual's employer. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

This leads me to suspect that the individual defendants have not been properly served. But one thing that gives me pause is that G4S and its individual employees were served similarly by the Marshal in a previous case before this court. In that case, *Austin v. G4S Secure Sols. USA*, service was accepted on behalf of individual G4S employees Shane L. Peterson and Shantel L. Belot by a "G4S Representative." No. 15-cv-259-jdp, (W.D. Wis. filed May 4, 2015), Dkt. 25. Those individual defendants then appeared, jointly represented by G4S's counsel, and answered the complaint.

So it remains possible that the individual defendants have an explicit agreement with G4S to have its human resources department act as their agent for purposes of service. But the service returns (in either this case or *Austin*) do not show that there is such an agreement, and the Wisconsin Supreme Court has explicitly disfavored this approach to service. *Mared Indus.*, 2005 WI 5, ¶ 38 ("We pause to recognize and emphasize that this case illustrates how risky it

is to attempt to serve a defendant's agent. Because an agent must have actual express authority to accept service of summons . . . plaintiffs who choose to effectuate service under this provision had best proceed with extreme care, while being mindful that even the utmost care may not reveal the true scope of an agent's authority."). I will give the Marshals service a chance to either re-serve the individuals under Rule 4 or Wisconsin law, or supplement the service returns with an explanation of how service was in fact properly accomplished.

**B. Service to corporate defendant**

Rule 4 provides that a corporate defendant may be served by either "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or in a manner pursuant to the law of the state where the district court sits. Fed. R. Civ. P. 4(h). Here, the relevant Wisconsin statute provides that a corporate defendant may be properly served by delivering the summons and complaint to "an officer, director or managing agent of the corporation" or to "the person who is apparently in charge" of the office of such person. Wis. Stat. § 801.11(5)(a). When a process server reasonably, even if mistakenly, believes the person they serve is in charge of an office, service is effective. *Hagen v. City of Milwaukee Employes' Ret. Sys. Annuity & Pension Bd.,* 2003 WI 56, ¶ 21, 262 Wis. 2d 113, 663 N.W.2d 268.

In this case, I do not have enough information to determine if service to the corporate defendant was effective. A job description of "HR" does not, by itself, show that the person served held a position that would satisfy the criteria of either Rule 4 or Wis. Stat. § 801.11(5). I also cannot conclude that the Marshal reasonably believed that Chivinski was in charge of the G4S office, as there is no explanation on the service return explaining why the Marshal chose to deliver the summons to Chivinski. So, as with the individual defendants, I will give

4

the Marshals service a chance to either re-serve G4S under Rule 4 or Wisconsin law, or supplement the service return with an explanation of how service was in fact properly accomplished.

If the Marshals Service obtains the individual defendants' personal addresses, it should maintain those addresses in confidence rather than reveal them on the service forms because the forms are filed in the court's public file and mailed to the plaintiff after service is accomplished.

ORDER

IT IS ORDERED that the United States Marshals Service may have until March 16, 2018, to inform the court whether it has made another attempt at serving each of the defendants, or supplement its previous service return forms with an explanation of how service was in fact properly accomplished.

Entered February 15, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge