IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REINALDO ACOSTA,

                Plaintiff,

v.

MATTHEW KENNEDY, ALBERT BIANCHI,
WILLIAM RAMSTACK, and
G4S SECURE SOLUTIONS USA,

                Defendants.[1]

ORDER

16-cv-695-jdp

---

Plaintiff Reinaldo Acosta alleges that he was injured while being transported to court by van because his seat belt was not properly fastened. Acosta filed a motion for entry of default, Dkt. 28, after none of the defendants answered, even though the United States Marshals Service had returned process receipt forms indicating that it had served defendants via a human resources employee at G4S Secure Solutions.

In a February 15, 2018 order, I concluded that it was unlikely that this properly accomplished service, and I directed the Marshals Service to either re-serve defendants or supplement the service returns with an explanation of how service was in fact properly accomplished. *See* Dkt. 30. The Marshals Service re-served defendants, and defendants filed an answer shortly thereafter. Accordingly, I will deny Acosta's motion for entry of default.

Acosta has also filed a motion asking the court to appoint him counsel. Dkt. 37. I will deny Acosta's motion for now. Litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a

---

[1] I have amended the caption to reflect defendants' names as reflected in their answer. *See* Dkt. 35.

civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). To prove that assistance in recruiting counsel is necessary, this court generally requires that a pro se plaintiff: (1) provide the names and addresses of at least three lawyers who have declined to represent him in this case; and (2) demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his demonstrated ability to prosecute it. *Id*. at 655; *see also Young v. Cramer*, No. 13-cv-077, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013). Acosta has provided the names of serval attorneys who have declined to represent him, so I conclude that he has made reasonable efforts to locate counsel himself.

But it is too early to tell whether the case will be too complex for him to handle. He states that he has a grade-school reading level and that he has a limited knowledge of the law and this court's procedures, but those impediments are fairly common among the court's pro se litigants and do not in themselves necessarily require court intervention to recruit counsel. The case should mostly be about events that Acosta witnessed firsthand, and Acosta appears to believe that there is a videotape of the incident, which should be helpful in determining what really happened during his transport. As the case progresses, if Acosta continues to believe that he is unable to litigate the suit himself, then he may renew his motion, but he will have to explain what specific litigation tasks he cannot perform himself.

ORDER

IT IS ORDERED that:

1. Plaintiff Reinaldo Acosta's motion for entry of default, Dkt. 28, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 37, is DENIED without prejudice.

Entered June 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge